# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## **LETTER OPINION**

May 22, 2008

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
PO Box 1798
Rahway, NJ 07065

    (*Counsel for Plaintiff*)

Dennis J. Canning
Office of the U.S. Attorney
Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278-0004

    (*Counsel for Defendant*)


    RE: **Shalan v. Commissioner of Social Security**
           **Civ. No. 07-5279 (WJM)**


Dear Counsel:

    Plaintiff, the prevailing party in a social security appeal, moves for attorney's fees pursuant to the Equal Access to Justice Act. While Plaintiff is entitled to fees, her counsel has again flaunted Local Civil Rule 9.1. This obstinance has again resulted in

unnecessary legal work, for which the Court refuses to grant full compensation. Accordingly, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   FACTS AND PROCEEDINGS

The relevant facts are simple.  Plaintiff applied to the Social Security Administration for disability insurance benefits and supplemental security income benefits.  The Commissioner of the Social Security Administration denied her application, and Plaintiff filed a complaint in this Court appealing the decision.  After the Commissioner filed an answer Plaintiff filed a written brief, rather than the statement of primary contentions required by Local Civil Rule 9.1.  Shortly after, the Commissioner consented to remand the case.

Plaintiff now moves for attorney's fees under the Equal Access to Justice Act. Plaintiff requests $3,579.75 in fees representing 22.2 hours of work at a rate of $161.25 per hour.

The Commissioner concedes Plaintiff's entitlement to such fees but argues that Plaintiff's request is excessive for two reasons.  First, the Commissioner argues that Plaintiff's counsel spent too much time drafting the brief.  Second, the Commissioner argues that Plaintiff's counsel exacerbated his legal fees by drafting a brief without first filing a statement of primary contentions as required by Local Rule 9.1.

II.  DISCUSSION

The Court finds that Plaintiff's counsel spent a reasonable amount of time writing the brief in this case.  Nevertheless, the Court reduces Plaintiff's attorney's fee award because Plaintiff's counsel might have avoided writing the brief had he followed Local Rule 9.1.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requires a district court to award a prevailing party any reasonable attorney's fees resulting from the appeal of an adverse decision of the Social Security Administration.  See Kadelski v. Sullivan, 30 F.3d 399 (3d Cir. 1994).  EAJA permits awards of attorney's fees only to the extent they are reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Here, the Court finds that Plaintiff's counsel spent a reasonable amount of time drafting a brief.  According to his affidavit, Plaintiff's counsel spent 6.25 hours reviewing the administrative record, 5.25 hours researching and preparing a rough draft of the brief, and 4.75 hours preparing and filing the final draft.  These periods seem to the Court to be

roughly the time needed to perform the listed activities.

Nevertheless, the Court reduces the hours for which it will compensate Plaintiff's counsel because Plaintiff's counsel has failed to follow Local Rule 9.1(a)(2). That rule requires a plaintiff to serve the Commissioner with a statement setting forth the plaintiff's primary arguments—before the plaintiff files a brief. The purpose of the rule is to encourage early and amicable resolution of the matter. When a plaintiff charges ahead and files a brief without first filing a Local Rule 9.1 statement, the Court will reduce any attorney's fees award to reflect the potential time that plaintiff wasted by not following the Local Rule. See Patillo v. Comm'r of Soc. Sec., No. 06-5030 (D.N.J. Feb. 7, 2008). The Court's practice in a case where the Commissioner consents to remand is to award plaintiff's attorney only for the time that would have been reasonably necessary to draft the Local Rule 9.1 statement, which the Court has approximated as 7.2 hours. See id. Accordingly, the Court will not compensate Plaintiff for the 16.25 hours her counsel spent writing the brief and will instead compensate her only for the 7.2 hours in which her counsel could have written a Local Rule 9.1 statement, resulting in a total award of $2,120.44.[1]

### III.   CONCLUSION

The Court awards $2,120.44 in EAJA fees. This award will be to Plaintiff—not her counsel. See Chonko v. Comm'r of Soc. Sec. Admin., No. 06-1647, 2008 WL 1809188, at *4 (D.N.J. April 22, 2008). Accordingly, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. An Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[1] (22.2 hours - 16.25 hours + 7.2 hours) x $161.25 per hour = $2,120.44.